Case: 1:25-cv-00417 Document #: 12-1 Filed: 01/14/25 Page 1 of 16 PageID #:8

Law Division Motion Section Initial Case Management Dates for CALENDARS A,B,J,D,E,F,H,R,X,g will be heard in person.
All other Law Division Initial Case Management Dates will be heard via Zoom
For more information and Zoom Meeting IDs go to https://www.cookcountycourt.org/HOME?Zoom-Links?Agg4906_SelectTab/12
Court Date: <<CmsHearingStart>>

FILED
9/26/2024 2:00 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024L010713
Calendar, D
29539123

FILED DATE: 9/26/2024 2:00 PM  2024L010713

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| MAX WAGES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| AMERICAN AIRLINES, INC., Individually, | ) **Plaintiff Demands a Jury Trial** |
| and d/b/a AIR WISCONSIN, AIR | ) |
| WISCONSIN AIRLINES, LLC, AIR | ) |
| WISCONSIN, INC., ENVOY AIR, INC., | ) |
| ARIES CHARTER TRANSPORTATION, | ) |
| INC., ARIES SHUTTLE-CHICAGO, LLC, | ) |
| O'HARE AIRPORT TRANSIT SYSTEMS, | ) |
| INC., and THE CITY OF CHICAGO d/b/a | ) |
| CHICAGO O'HARE INTERNATIONAL | ) |
| AIRPORT, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, Max Wages, by and through his attorneys, Levinson and Stefani Injury Lawyers, and complaining of the Defendants, American Airlines, Inc., Individually, and d/b/a Air Wisconsin, Air Wisconsin Airlines, LLC, Air Wisconsin, Inc., Envoy Air, Inc., Aries Charter Transportation, Inc., Aries Shuttle-Chicago, LLC, O'Hare Airport Transit Systems, Inc., and the City of Chicago d/b/a Chicago O'Hare International Airport, states as follows:

### Facts Common to All Counts

1. On or about October 6, 2023, the Defendant, Air Wisconsin Airlines, LLC (hereinafter "Wisconsin Airlines"), was a limited liability company licensed to do business in the State of Illinois with a registered agent located at 801 Adlai Stevenson Drive in the City of Springfield, County of Sangamon, State of Illinois.

2. On or about October 6, 2023, the Defendant, Air Wisconsin, Inc. ("Air Wisconsin"), was a Wisconsin corporation licensed to do business in the State of Illinois, with a registered agent located at 208 S. LaSalle Street, Suite 814, in the City of Chicago, County of Cook,

FILED DATE: 9/26/2024 2:00 PM 2024L010713

State of Illinois.

3. On or about October 6, 2023, the Defendant, American Airlines, Inc., ("American"), was a Delaware corporation licensed to do business in the State of Illinois, with a registered agent located at 801 Adlai Stevenson Drive in the City of Springfield, County of Sangamon, State of Illinois.

4. On or about October 6, 2023, the Defendant, Envoy Air, Inc., ("Envoy Air"), was a Delaware corporation licensed to do business in the State of Illinois, with a registered agent located at 801 Adlai Stevenson Drive in the City of Springfield, County of Sangamon, State of Illinois.

5. On or about October 6, 2023, the Defendant, Aries Charter Transportation, Inc. ("Aries Charter"), was an Illinois corporation.

6. On or about October 6, 2023, the Defendant, Aries Shuttle-Chicago, LLC ("Aries Shuttle"), was an Illinois limited liability company.

7. On or about October 6, 2023, the Defendant, O'Hare Airport Transit Systems, Inc. ("O'Hare Transit"), was an Illinois corporation.

8. On or about October 6, 2023, the Defendant, the City of Chicago ("City"), a municipal corporation, owned and operated Chicago O'Hare International Airport ("O'Hare").

9. At all relevant times herein, the Defendant, American, was engaged in the business of owning, operating, and maintaining commercial airline planes throughout the world, including the United States.

10. On or about October 6, 2023, the Defendants, Air Wisconsin and/or Wisconsin Airlines, operated as American Eagle, a regional airline and wholly owned subsidiary of Defendant American Airlines, Inc.

11. On or about October 6, 2023, the Defendant, Envoy Air, operated as American Eagle, a regional airline and wholly owned subsidiary of Defendant American Airlines, Inc.

FILED DATE: 9/26/2024 2:00 PM   2024L010713

12. On or about October 6, 2023, Plaintiff, Max Wages, was a fare-paying passenger on Air Wisconsin Flight 6209 departing from Chicago O'Hare International Airport for arrival at Dayton International Airport.

13. At the aforementioned time and place, the Defendants, Aries Charter and/or Aries Shuttle, by and through their agent, driver, and/or employee, controlled and operated Aries shuttle bus #1629 to transport employees to and from terminals.

14. On or about October 6, 2023, Flight 6209 was being taxied on Taxiway B heading eastbound at O'Hare to prepare for takeoff.

15. At the same time and place, Aries shuttle bus #1629 was traveling from terminals onto a service road heading southbound on the tarmac at O'Hare.

16. The Aries shuttle bus #1629 drove directly into the path of Flight 6209.

17. The nose of Flight 6209 crashed into the rear passenger side of the Aries shuttle bus #1629.

18. At all relevant times herein, Plaintiff Max Wages was in the exercise of all due care for his own safety.

**COUNT I:   Negligence against Aries Charter Transportation, Inc. (Respondeat Superior)**

19. The Plaintiff hereby adopts and re-alleges paragraphs 1-18 as though fully set forth herein.

20. At said time and place, it was the duty of the Defendant, Aries Charter, by and through its agents and employees, to own, operate, maintain, and control shuttle bus #1629 in a manner so as not to negligently cause injury to persons lawfully on the tarmac and passengers on the shuttle bus, including the Plaintiff.

21. Notwithstanding the foregoing duty, Defendant Aries Charter, by and through its employees did operate, maintain, and control shuttle bus #1629 in a dangerous and negligent manner in one or more of the following ways:

a) operated the shuttle bus at a speed too great for conditions prevailing;

b) failed to keep a proper lookout;

c) drove the shuttle bus directly in front of Flight 6209's aircraft;

d) failed to avoid a collision with Flight 6209's aircraft;

e) struck Flight 6209's aircraft;

f) failed to slow or stop the shuttle bus when danger to the Plaintiff, Max Wages was imminent;

g) failed to properly maintain the shuttle bus, including but not limited to adequate brakes.

22. As direct and proximate result of one or more of the foregoing acts of negligence, the shuttle bus #1629 owned by Aries Charter did violently collide with Flight 6209's aircraft, and as a result thereof, the Plaintiff, Max Wages did suffer the following past, present, and future loss and damage:

a) bodily injury;

b) pain and suffering;

c) mental suffering;

d) loss of earnings and injury to earning capacity;

e) medical expenses; and

f) disability or loss of normal life.

WHEREFORE, the Plaintiff, Max Wages, prays for judgment against the Defendant, Aries Charter Transportation, Inc., in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) and costs.

**COUNT II: Negligence against Aries Shuttle-Chicago, LLC (Respondeat Superior)**

23. The Plaintiff hereby adopts and re-alleges paragraphs 1-18 as though fully set forth herein.

24. At said time and place, it was the duty of the Defendant, Aries Shuttle, by and through its agents and employees, to own, operate, maintain, and control shuttle bus #1629 in a manner so as not to negligently cause injury to persons lawfully on the tarmac and passengers on the shuttle bus, including the Plaintiff.

25. Notwithstanding the foregoing duty, Defendant Aries Shuttle, by and through its employees did operate, maintain, and control shuttle bus #1629 in a dangerous and negligent manner in one or more of the following ways:

    a) operated the shuttle bus at a speed too great for conditions prevailing;

    b) failed to keep a proper lookout;

    c) drove the shuttle bus directly in front of Flight 6209's aircraft;

    d) failed to avoid a collision with Flight 6209's aircraft;

    e) struck Flight 6209's aircraft;

    f) failed to slow or stop the shuttle bus when danger to the Plaintiff, Max Wages was imminent;

    g) failed to properly maintain the shuttle bus, including but not limited to adequate brakes.

26. As direct and proximate result of one or more of the foregoing acts of negligence, the shuttle bus #1629 owned by Aries Shuttle did violently collide with Flight 6209's aircraft, and as a result thereof, the Plaintiff, Max Wages did suffer the following past, present, and future loss and damage:

    a) bodily injury;

FILED DATE: 9/26/2024 2:00 PM   2024L010713

b) pain and suffering;

c) mental suffering;

d) loss of earnings and injury to earning capacity;

e) medical expenses; and

f) disability or loss of normal life.

WHEREFORE, the Plaintiff, Max Wages, prays for judgment against the Defendant, Aries Shuttle-Chicago, LLC, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) and costs.

**COUNT III: Negligence against American Airlines, Inc. (Respondeat Superior)**

27. The Plaintiff hereby adopts and re-alleges paragraphs 1-18 as though fully set forth herein.

28. At said time and place, it was the duty of the Defendant, American Airlines, Inc., by and through its agents and employees, to own, operate, maintain, and control the Flight 6209 Aircraft in a manner so as not to negligently cause injury to persons lawfully on the tarmac and passengers on the aircraft, including the Plaintiff.

29. Notwithstanding the foregoing duty, Defendant American, by and through its employees, did own, operate, maintain, and control the Flight 6209 aircraft in a dangerous and negligent manner in one or more of the following ways:

a) operated the aircraft at a speed too great for conditions prevailing;

b) failed to keep a proper lookout;

c) failed to avoid a collision with shuttle bus #1629;

d) struck shuttle bus #1629;

e) failed to slow or stop the aircraft when danger to the Plaintiff, Max Wages was

FILED DATE: 9/26/2024 2:00 PM   2024L010713

       imminent;

       f)     failed to properly maintain the aircraft, including but not limited to adequate brakes.

30. As direct and proximate result of one or more of the foregoing acts of negligence, the Flight 6209 aircraft owned by American Airlines did violently collide with shuttle bus #1629, and as a result thereof, the Plaintiff, Max Wages did suffer the following past, present, and future loss and damage:

       a)     bodily injury;

       b)     pain and suffering;

       c)     mental suffering;

       d)     loss of earnings and injury to earning capacity;

       e)     medical expenses; and

       f)     disability or loss of normal life.

WHEREFORE, the Plaintiff, Max Wages, prays for judgment against the Defendant, American Airlines, Inc., in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) and costs.

**COUNT IV:   Negligence against Air Wisconsin Airlines, LLC (Respondeat Superior)**

31. The Plaintiff hereby adopts and re-alleges paragraphs 1-18 as though fully set forth herein.

32. At said time and place, it was the duty of the Defendant, Air Wisconsin Airlines, LLC, by and through its agents and employees, to own, operate, maintain, and control the Flight 6209 Aircraft in a manner so as not to negligently cause injury to persons lawfully on the tarmac and passengers on the aircraft, including the Plaintiff.

33. Notwithstanding the foregoing duty, Defendant Wisconsin Airlines, by and through its

employees did own, operate, maintain, and control the Flight 6209 aircraft in a dangerous and negligent manner in one or more of the following ways:

a) operated the aircraft at a speed too great for conditions prevailing;

b) failed to keep a proper lookout;

c) failed to avoid a collision with shuttle bus #1629;

d) struck shuttle bus #1629;

e) failed to slow or stop the aircraft when danger to the Plaintiff, Max Wages was imminent;

f) failed to properly maintain the aircraft, including but not limited to adequate brakes.

34. As direct and proximate result of one or more of the foregoing acts of negligence, the Flight 6209 aircraft owned and/or operated by Air Wisconsin Airlines, LLC did violently collide with shuttle bus #1629, and as a result thereof, the Plaintiff, Max Wages did suffer the following past, present, and future loss and damage:

a) bodily injury;

b) pain and suffering;

c) mental suffering;

d) loss of earnings and injury to earning capacity;

e) medical expenses; and

f) disability or loss of normal life.

WHEREFORE, the Plaintiff, Max Wages, prays for judgment against the Defendant, Air Wisconsin, LLC, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) and costs.

FILED DATE: 9/26/2024 2:00 PM 2024L010713

**COUNT V: Negligence against Air Wisconsin, Inc. (Respondeat Superior)**

35. The Plaintiff hereby adopts and re-alleges paragraphs 1-18 as though fully set forth herein.

36. At said time and place, it was the duty of the Defendant, Air Wisconsin, Inc., by and through its agents and employees, to own, operate, maintain, and control the Flight 6209 Aircraft in a manner so as not to negligently cause injury to persons lawfully on the tarmac and passengers on the aircraft, including the Plaintiff.

37. Notwithstanding the foregoing duty, Defendant Air Wisconsin, by and through its employees did own, operate, maintain, and control the Flight 6209 aircraft in a dangerous and negligent manner in one or more of the following ways:

    a) operated the aircraft at a speed too great for conditions prevailing;

    b) failed to keep a proper lookout;

    c) failed to avoid a collision with shuttle bus #1629;

    d) struck shuttle bus #1629;

    e) failed to slow or stop the aircraft when danger to the Plaintiff, Max Wages was imminent;

    f) failed to properly maintain the aircraft, including but not limited to adequate brakes.

38. As direct and proximate result of one or more of the foregoing acts of negligence, the Flight 6209 aircraft owned and/or operated by Air Wisconsin, Inc. did violently collide with shuttle bus #1629, and as a result thereof, the Plaintiff, Max Wages did suffer the following past, present, and future loss and damage:

    a) bodily injury;

    b) pain and suffering;

FILED DATE: 9/26/2024 2:00 PM 2024L010713

c) mental suffering;

d) loss of earnings and injury to earning capacity;

e) medical expenses; and

f) disability or loss of normal life.

WHEREFORE, the Plaintiff, Max Wages, prays for judgment against the Defendant, Air Wisconsin, Inc., in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) and costs.

**COUNT VI: Negligence against Envoy Air, Inc. (Respondeat Superior)**

39. The Plaintiff hereby adopts and re-alleges paragraphs 1-18 as though fully set forth herein.

40. At said time and place, it was the duty of the Defendant, Envoy Air, Inc., by and through its agents and employees, to own, operate, maintain, and control the Flight 6209 Aircraft in a manner so as not to negligently cause injury to persons lawfully on the tarmac and passengers on the aircraft, including the Plaintiff.

41. Notwithstanding the foregoing duty, Defendant Envoy Air, by and through its employees did own, operate, maintain, and control the Flight 6209 aircraft in a dangerous and negligent manner in one or more of the following ways:

a) operated the aircraft at a speed too great for conditions prevailing;

b) failed to keep a proper lookout;

c) failed to avoid a collision with shuttle bus #1629;

d) struck shuttle bus #1629;

e) failed to slow or stop the aircraft when danger to the Plaintiff, Max Wages was imminent;

FILED DATE: 9/26/2024 2:00 PM 2024L010713

    f)    failed to properly maintain the aircraft, including but not limited to adequate brakes.

42.    As direct and proximate result of one or more of the foregoing acts of negligence, the Flight 6209 aircraft owned and/or operated by Envoy Air, Inc. did violently collide with shuttle bus #1629, and as a result thereof, the Plaintiff, Max Wages did suffer the following past, present, and future loss and damage:

    a)    bodily injury;

    b)    pain and suffering;

    c)    mental suffering;

    d)    loss of earnings and injury to earning capacity;

    e)    medical expenses; and

    f)    disability or loss of normal life.

WHEREFORE, the Plaintiff, Max Wages, prays for judgment against the Defendant, Envoy Air, Inc., in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) and costs.

### COUNT VII: Negligence against O'Hare Airport Transit Systems, Inc. (Respondeat Superior)

43.    The Plaintiff hereby adopts and re-alleges paragraphs 1-18 as though fully set forth herein.

44.    At said time and place, it was the duty of the Defendant, O'Hare Airport Transit Systems, Inc., by and through its agents and employees, to operate, maintain, manage, and control transportation services within and around O'Hare Airport in a manner so as not to negligently cause injury to persons lawfully on the tarmac and passengers on the bus, including the Plaintiff.

45.    Notwithstanding the foregoing duty, Defendant O'Hare Transit, by and through its

employees did operate, maintain, manage, and control the airport transportation services in a dangerous and negligent manner in one or more of the following ways:

a) Failed to provide clear directions to ground traffic on the tarmac;

b) Failed to mark the areas on the tarmac where certain vehicles were authorized or prohibited;

c) Failed to direct traffic on the tarmac adequately;

d) failed to keep a proper lookout;

e) failed to direct bus #1629 to slow down when it knew or should have known the bus was about to crash into the aircraft;

f) failed to slow or stop the aircraft when danger to the Plaintiff, Max Wages, was imminent;

g) failed to prevent a collision between bus #1629 and the Flight 6209 aircraft; and

h) failed to implement processes and procedures to prevent this type of tarmac crash from happening.

46. As direct and proximate result of one or more of the foregoing acts of negligence, the Flight 6209 aircraft and bus #1629 violently collided under O'Hare Airport Transit Systems' watch and direction, and as a result thereof, the Plaintiff, Max Wages did suffer the following past, present, and future loss and damage:

a) bodily injury;

b) pain and suffering;

c) mental suffering;

d) loss of earnings and injury to earning capacity;

e) medical expenses; and

FILED DATE: 9/26/2024 2:00 PM 2024L010713

  f)  disability or loss of normal life.

  WHEREFORE, the Plaintiff, Max Wages, prays for judgment against the Defendant, O'Hare Airport Transit Systems, Inc., in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) and costs.

### COUNT VIII: Negligence against the City of Chicago d/b/a Chicago O'Hare International Airport (Respondeat Superior)

47.  The Plaintiff hereby adopts and re-alleges paragraphs 1-18 as though fully set forth herein.

48.  At said time and place, it was the duty of the Defendant, the City, d/b/a Chicago O'Hare International Airport, by and through its agents and employees, to direct and operate ground traffic on the tarmac in a manner so as not to negligently cause injury to persons lawfully on the tarmac and passengers in shuttle buses, aircrafts, and other transportation vehicles, including the Plaintiff.

49.  Notwithstanding the foregoing duty, Defendant City, by and through its agents or employees did direct and operate ground traffic on the tarmac in a dangerous and negligent manner in one or more of the following ways:

  a)  Failed to provide clear directions to drivers and pilots as to where and when they could operate their respective vehicles;

  b)  Failed to provide clear markings on the tarmac to notify drivers and pilots as to where they could operate their respective vehicles;

  c)  Failed to communicate with drivers and pilots to ensure safe traffic control on the tarmac;

  d)  failed to keep a proper lookout; and

  e)  failed to intervene when danger to the Plaintiff, Max Wages, was imminent.

50.  As direct and proximate result of one or more of the foregoing acts of negligence, the

shuttle bus #1629 directed by the City of Chicago did violently collide with Flight 6209's aircraft, and as a result thereof, the Plaintiff, Max Wages did suffer the following past, present, and future loss and damage:

a) bodily injury;

b) pain and suffering;

c) mental suffering;

d) loss of earnings;

e) medical expenses; and

f) disability or loss of normal life.

WHEREFORE, the Plaintiff, Max Wages, prays for judgment against the Defendant, the City of Chicago, d/b/a Chicago O'Hare International Airport, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) and costs.

Respectfully submitted,

By: _____
John A. Stefani

Levinson and Stefani Injury Lawyers
Attorneys for the Plaintiff
10 S. LaSalle St., Suite 1330
Chicago, Illinois 60603
P: (312) 376-3812
F: (312) 376-3818
jay@levinsonstefani.com
ARDC No.: 6284062

FILED DATE: 9/26/2024 2:00 PM 2024L010713

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| MAX WAGES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| AMERICAN AIRLINES, INC., Individually, | ) **Plaintiff Demands a Jury Trial** |
| and d/b/a AIR WISCONSIN, AIR | ) |
| WISCONSIN AIRLINES, LLC, AIR | ) |
| WISCONSIN, INC., ENVOY AIR, INC., | ) |
| ARIES CHARTER TRANSPORTATION, | ) |
| INC., ARIES SHUTTLE-CHICAGO, LLC, | ) |
| O'HARE AIRPORT TRANSIT SYSTEMS, | ) |
| INC., and THE CITY OF CHICAGO d/b/a | ) |
| CHICAGO O'HARE INTERNATIONAL | ) |
| AIRPORT, | ) |
| | ) |
| Defendants. | ) |

## AFFIDAVIT RE: DAMAGES SOUGHT

NOW COMES the Plaintiff, Max Wages, by and through his attorneys, Levinson and Stefani Injury Lawyers, and pursuant to Supreme Court Rule 222, sets forth the following:

THE DAMAGES SOUGHT IN THE ABOVE TITLED CAUSE OF ACTION DO EXCEED $50,000.00.

Respectfully submitted,

By: _____
John A. Stefani

Under penalties, as provided by law pursuant to 735 ILCS 5/1 109, the undersigned certified that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Levinson and Stefani Injury Lawyers
Attorneys for Plaintiff
10 S. LaSalle St., Suite 1330
Chicago, Illinois 60603
(312) 376-3812
jay@levinsonstefani.com
Attorney No. 58168

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | |
|---|---|
| MAX WAGES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| AMERICAN AIRLINES, INC., Individually, | ) **Plaintiff Demands a Jury Trial** |
| and d/b/a AIR WISCONSIN, AIR | ) |
| WISCONSIN AIRLINES, LLC, AIR | ) |
| WISCONSIN, INC., ENVOY AIR, INC., | ) |
| ARIES CHARTER TRANSPORTATION, | ) |
| INC., ARIES SHUTTLE-CHICAGO, LLC, | ) |
| O'HARE AIRPORT TRANSIT SYSTEMS, | ) |
| INC., and THE CITY OF CHICAGO d/b/a | ) |
| CHICAGO O'HARE INTERNATIONAL | ) |
| AIRPORT, | ) |
| | ) |
| Defendants. | ) |

## **JURY DEMAND**

The undersigned demands a jury trial.

_____
John A. Stefani

Levinson and Stefani Injury Lawyers
Attorneys for Plaintiff
10 S. LaSalle St., Suite 1330
Chicago, Illinois 60603
(312) 376-3812
jay@levinsonstefani.com
Attorney No. 58168